IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| LARRIE JENKINS, #251907, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:16-CV-570-WKW |
| | ) | |
| ALABAMA PARDON and PAROLE | ) | |
| BOARD, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

In this 42 U.S.C. § 1983 action, Larrie Jenkins ("Jenkins"), a state inmate incarcerated at the Montgomery Women's Pre-Release Facility, challenges the decision to deny her parole issued on February 5, 2013. *Compl. - Doc. No. 1* at 3. Specifically, Jenkins complains that members of the Parole Board initially granted her parole on December 12, 2012, but then prior to her release on parole subsequently rescinded this decision, denied her parole, and scheduled her next parole consideration date for February 2018. *Id*. Jenkins seeks release on parole in accordance with the Parole Board's initial decision and monetary damages for her confinement since that decision. *Id*. at 5.

Upon review of the allegations contained in the complaint, the court concludes that this case is due to be dismissed prior to service of process in accordance with the provisions

of 28 U.S.C. § 1915(e)(2)(B)(i), (ii) and (iii).[1]

## II. DISCUSSION

### A. The Alabama Pardon and Parole Board

The law is well-settled that state agencies are absolutely immune from suit. *Papasan v. Allain*, 478 U.S. 265 (1986) (Unless the State or its agency consents to suit, the plaintiff cannot proceed against such defendant as the action is proscribed by the Eleventh Amendment and "[t]his bar exists whether the relief sought is legal or equitable."). Moreover, a state agency is merely an extension of the State and is therefore "not a 'person' within the meaning of § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 65 (1989). Any claims lodged against the Alabama Pardon and Parole Board are therefore frivolous as such claims are "based on an indisputably meritless legal theory." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). Consequently, these claims are due to be summarily dismissed with prejudice.

### B. Donna Kennedy

Jenkins names Donna Kennedy, a relative of the victim, as a defendant in this case. Jenkins believes that lack of notice to Ms. Kennedy regarding the initial parole

[1] The court granted Jenkins leave to proceed *in forma pauperis* but ordered payment of an initial partial filing fee as required by 28 U.S.C. § 1915(b)(1)(A). *Order of July 15, 2016 - Doc. No. 5*. Jenkins paid the initial partial filing fee on July 25, 2016. Despite payment of this fee, the court remains obligated to screen the complaint under 28 U.S. C. § 1915(e)(2)(B), which requires dismissal of a prisoner's civil action prior to service of process if the court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

consideration hearing resulted in a subsequent parole hearing and the decision to deny parole.

Initially, under applicable federal law, the court finds that the claims presented against Ms. Kennedy provide no basis for relief in this cause of action. An essential element of a 42 U.S.C. § 1983 action is that a person acting under color of state law committed the asserted constitutional deprivation. *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40 (1999); *Willis v. Univ. Health Servs., Inc.*, 993 F.2d 837, 840 (11th Cir. 1993).

> To state a [viable] claim for relief in an action brought under § 1983, [a plaintiff] must establish that [she was] deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law. Like the state-action requirement of the Fourteenth Amendment, the under-color-of-state-law element of §1983 excludes from its reach "'merely private conduct, no matter how discriminatory or wrongful,'" *Blum v. Yaretsky*, 457 U.S. 991, 1002, 102 S.Ct. 2777, 73 L.Ed.2d 534 (1982) (quoting *Shelley v. Kraemer*, 334 U.S. 1, 13, 68 S.Ct. 836, 92 L.Ed. 1161 (1948)). . . . [Consequently,] state action requires . . . that "the party charged with the deprivation must be a person who may fairly be said to be a state actor." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982); *see Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 156, 98 S.Ct. 1729, 56 L.Ed.2d 185 (1978)."

*Am. Mfrs.*, 526 U.S. at 49-50 (footnote omitted). It is clear that Ms. Kennedy is not a state actor nor are her actions in any way attributable to the State. In light of the foregoing, the court concludes that any claim on which Jenkins seeks to proceed against Ms. Kennedy is frivolous and subject to dismissal with prejudice pursuant to the directives of 28 U.S.C. § 1915(e)(2)(B)(i).

Moreover, the records of this court demonstrate that the challenged actions of the Parole Board occurred because Jenkins had not served the necessary amount of time prior to her initial parole consideration.[2] *See Jenkins v. Ellington, et al.*, Case No. 2:13-CV-433-WC (M.D. Ala. 2013) - *Doc. No. 7 (Answer of Respondents)* at 1-2 (Jenkins was improperly considered for parole in December 2012 because she had not served the requisite 85% of her twenty-three year sentence imposed in 2005 as required by the Parole Board's rules and regulations. "Due to the confusion, and prior to Petitioner's release on parole, one Board Member voided his vote and directed the matter to be placed on the Parole Board's reconsideration docket. The Parole Board reconsidered Petitioner for parole on 2-5-2013 and voted to deny parole (which effectively rescinded their previous order granting parole[.])").[3]

**C. The Request for Damages**

To the extent Jenkins seeks monetary damages from those individuals employed by the Parole Board responsible for the denial of parole, she is not entitled to this relief. The Eleventh Circuit has long recognized that parole board officials are entitled to quasi-judicial immunity from suits requesting damages based upon decisions to grant, deny or revoke parole. *Fuller v. Georgia State Bd. of Pardons and Parole*, 851 F.2d 1307 (11th

[2] This court may take judicial notice of its own records. *Nguyen v. United States*, 556 F.3d 1244, 1259 n.7 (11th Cir. 2009); *United States v. Rey*, 811 F.2d 1453, 1457 n.5 (11th Cir. 1987); *United States v. Glover*, 179 F.3d 1300, 1302 n.5 (11th Cir. 1999).

[3] Jenkins likewise has no constitutionally protected interest arising from the mere decision to grant her parole as it is clear that the parole board rescinded this decision prior to her release on parole. *Jago v. Van Curen*, 454 U.S. 14, 17 (1981).

Cir. 1988); *Cruz v. Skelton*, 502 F.2d 1101, 1101-02 (5th Cir. 1974). All of the actions about which Jenkins complains arose during proceedings concerning the denial and rescission of her parole in February 2013. Under these circumstances, the actions of parole officials are inextricably intertwined with their decision-making authority and they are therefore absolutely immune from damages. Thus, Jenkins's claim for monetary damages is likewise due to be summarily dismissed pursuant to the directives of 28 U.S.C. § 1915(e)(2)(B)(iii).

**D. The Request for Release**

Jenkins alleges that she is improperly incarcerated due to rescission of the initial decision to grant parole upon the denial of parole on February 5, 2013. Jenkins requests that this court reinstate the decision to grant parole and order her immediate release on parole. This claim goes to the fundamental legality of the Jenkins's incarceration. Consequently, the challenge to the denial of parole presented in the instant complaint provides no basis for relief at this time. *Edwards v. Balisok*, 520 U.S. 641, 646 (1997); *Heck v. Humphrey*, 512 U.S. 477 (1994); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

Claims challenging the legality of a prisoner's confinement are not cognizable in a 42 U.S.C. § 1983 action unless the action at issue "is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus" and complaints containing this type of claim must therefore be dismissed. *Heck*, 512 U.S. at 489. The relevant inquiry is "whether a judgment in favor of the plaintiff would necessarily imply the invalidity of [her

incarceration]." *Heck*, 512 U. S. at 487; *Balisok*, 520 U.S. at 648 (inmate's claims for declaratory relief, injunctive relief or monetary damages which "necessarily imply the invalidity of" her confinement are "not cognizable under § 1983."). When a plaintiff makes allegations that bring into question the validity of her confinement, "*Heck* kicks in and bars his civil suit." *Okoro v. Callaghan*, 324 F.3d 488, 490 (7th Cir. 2003), citing *Balisok*, 520 U.S. at 646-648.

The law is well settled that "habeas corpus is the exclusive remedy for a . . . prisoner who challenges" the constitutionality of her incarceration. *Heck*, 512 U.S. at 481; *Balisok*, 520 U.S. at 645 (The "sole remedy in federal court" for a prisoner challenging the constitutionality of her confinement and seeking release is a petition for writ of habeas corpus.); *Okoro*, 324 F.3d at 490 (*Heck* directs that a state inmate "making a collateral attack on [the constitutionality of her incarceration] . . . may not do that in a civil suit, other than a suit under the habeas corpus statute."); *Cook v. Baker, et al.*, 139 F. App'x 167, 169 (11th Cir. 2005) (The "exclusive remedy" for a state inmate's claim challenging the basis for or validity of her incarceration "is to file a habeas corpus petition pursuant to 28 U.S.C. § 2254[.]"). An inmate "cannot seek to accomplish by a section 1983 declaratory judgment what [she] must accomplish solely through a writ of habeas corpus." *Jones v. Watkins*, 945 F. Supp. 1143, 1151 (N.D. Ill. 1996). In *Balisok*, the Supreme Court emphasized "that a claim either is cognizable under § 1983 and should immediately go forward, or is not cognizable and should be dismissed." *Id*. at 649. The principles espoused in *Heck* and its

progeny foreclosing review of claims challenging the basis of confinement in a 42 U.S.C. § 1983 action apply to adverse parole decisions. *Butterfield v. Bail*, 120 F.3d 1023 (9th Cir. 1997); *Schafer v. Moore*, 46 F.3d 43, 44-45 (8th Cir. 1995).

It is clear that the decision to deny parole for which Jenkins seeks her release from incarceration has not been reversed, expunged, impugned, or invalidated in an appropriate state or federal action. Insofar as Jenkins seeks release on parole, *Heck* and subsequent cases bar the use of any federal civil action, other than a 28 U.S.C. § 2254 habeas corpus petition, in which to obtain such relief. 512 U.S. at 489; *Abella v. Rubino*, 63 F.3d 1063, 1066 n.4 (11th Cir. 1995) ("*Heck* clarifies that *Preiser* is a rule of cognizability, not exhaustion."). Consequently, the request for release on parole is not cognizable in this cause of action and is therefore subject to summary dismissal in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii).

**III. CONCLUSION**

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The claims presented by the plaintiff against the Alabama Pardons and Parole Board and Donna Kennedy be dismissed with prejudice pursuant to the directives of 28 U.S.C. § 1915(e)(2)(B)(i).

2. The request for monetary damages from agents or members of the Parole Board regarding the decision to deny parole be dismissed with prejudice in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(iii).

3. The plaintiff's request for release on parole be dismissed without prejudice as directed by the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii) because the sole federal remedy in which to obtain this relief is a 28 U.S.C. § 2254 petition for habeas corpus relief.

4. This case be summarily dismissed.

It is further

ORDERED that on or before August 11, 2016, the plaintiff may file objections to the Recommendation. The plaintiff must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the plaintiff to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th CIR. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 28th day of July, 2016.

/s/ Wallace Capel, Jr.
UNITED STATES MAGISTRATE JUDGE